
**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLENTHEA NEAL,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>    Defendant. | Case No. ED CV 11-1244-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**INTRODUCTION**

On August 9, 2011, plaintiff Olenthea Neal filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of Disability Insurance Benefits ("DIB"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties' briefing is now complete, and the court deems the matter suitable for adjudication without oral argument.

Three issues are presented for decision here: (1) whether the Administrative Law Judge ("ALJ") properly evaluated the opinion of plaintiff's treating

psychologist; (2) whether the ALJ properly assessed plaintiff's residual functional capacity; and (3) whether the ALJ failed to pose complete hypothetical questions to the vocational expert. Pl.'s Mem. at 2-5, 5-7, 7-8; Def.'s Mem. at 2-7, 7-9, 9-10.

Having carefully studied, inter alia, the parties' written submissions and the Administrative Record ("AR"), the court finds that, as detailed herein, the ALJ properly rejected the opinion of plaintiff's treating psychologist. Because the limitations opined by plaintiff's treating psychologist were properly discounted, the ALJ did not err in omitting those limitations from plaintiff's assessed RFC or from the hypothetical questions to the vocational expert. The court therefore affirms the Commissioner's decision denying benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was forty-six years old on the date of her November 18, 2009 administrative hearing, has two years of college education. *See* AR at 23, 128, 140. Her past relevant work includes employment as a sales associate and medical records technician. *Id.* at 59, 119, 133.

On May 9, 2008, plaintiff protectively applied for DIB, alleging that she has been disabled since July 1, 2005 due to diabetes, hyper-parathyroidism, and migraine phenomenon. *See* AR at 128, 132. Plaintiff's application was denied initially and upon reconsideration, after which she filed a request for a hearing.[1] *Id.* at 66, 67, 68-71, 74, 75-80, 81-82.

On November 18, 2009, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 23, 26, 29-30, 33, 39-49, 53, 55-58. The ALJ also heard testimony from Dr. Michael Kania (psychological medical expert), Dr. Samuel Landau (internal medicine medical expert), Troy Scott, a

---

[1] In the Disability Report Appeal Form, plaintiff reported that, in addition to the other impairments, she was diagnosed with depression. *Id.* at 180.

vocational expert ("VE"), and plaintiff's husband, William S. Neal II. *Id.* at 26-34, 34-39, 49-52, 53-56, 58-63. On January 8, 2010, the ALJ denied plaintiff's request for benefits. *Id.* at 9-17.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since July 1, 2005, her alleged disability onset date. AR at 11.

At step two, the ALJ found that plaintiff suffers from severe medically determinable impairments consisting of: type two diabetes mellitus, not well controlled; obesity; major depressive disorder; and anxiety disorder, not otherwise specified. AR at 11.

At step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR at 12.

The ALJ then assessed plaintiff's residual functional capacity ("RFC")[2] and determined that she can perform light work with the following limitations: "lift and/or carry 20 pounds occasionally and 10 pounds frequently"; "stand or walk or sit 6 hours each in an 8-hour workday with normal breaks"; "occasionally climb stairs but not ladders"; "no balancing"; "no climbing ladders, ropes or scaffolds"; and plaintiff "can perform simple repetitive tasks but must take medications for her headaches." AR at 12 (emphasis omitted).

The ALJ found, at step four, that plaintiff is unable to perform any past

---

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007) (citation omitted).

relevant work. AR at 16.

At step five, based upon plaintiff's vocational factors and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform." AR at 16 (emphasis omitted). The ALJ therefore concluded that plaintiff was not suffering from a disability as defined by the Social Security Act. *Id.* at 9, 17.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 1-3, 5. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g) (2010). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d

at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

### A. The ALJ Properly Rejected the Opinion of Plaintiff's Treating Psychologist

Plaintiff contends that the ALJ failed to articulate legally sufficient reasons for rejecting the opinion of her treating psychologist, Dr. Carol Findlay. Pl.'s Mem. at 2-5. Plaintiff maintains that even if the ALJ found Dr. Findlay's opinion lacked objective medical evidence support, the ALJ was required to recontact Dr. Findlay to obtain clarification. *Id.* at 4. The court disagrees, for the reasons discussed below.

In evaluating medical opinions, Ninth Circuit case law and Social Security regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *see also* 20 C.F.R. § 404.1527(c) (2012) (prescribing the respective weight to be given the opinion of treating sources and examining sources). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830 (citation omitted); *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987) (citation omitted). "The opinion of an examining physician is, in turn, entitled to greater weight than the

5

opinion of a nonexamining physician." *Lester*, 81 F.3d at 830 (citations omitted).

Where the treating physician's "opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at 1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear and convincing reasons." (citation omitted)). "Even if the treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record for doing so." *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted); *accord Reddick*, 157 F.3d at 725. The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted). Having duly reviewed the record and the parties' written submissions, the court finds that ALJ properly rejected Dr. Findlay's opinion regarding the degree of plaintiff's functional limitations resulting from her mental impairment.[3]

---

[3] In the February 13, 2009 Work Capacity Evaluation (Mental) questionnaire, Dr. Findlay found the following functional limitations, resulting from plaintiff's mental impairment: (1) moderate difficulty remembering locations and work-like procedures; (2) slight difficulty understanding and remembering very short and simple instructions; (3) slight to moderate difficulty carrying out very short and simple instructions; (4) moderate difficulty maintaining attention and concentration for extended periods; (5) moderate to marked difficulty performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances; (6) moderate to marked difficulty sustaining an ordinary routine without special supervision; (7) marked to extreme difficulty working in coordination with or in proximity to others without being distracted by them; (8) moderate difficulty making simple work-related decisions; (9) moderate to marked difficulty in the

Here, the ALJ "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[ed] his interpretation thereof," and ultimately gave limited weight to Dr. Findlay's opinion (contained in a February 13, 2009 Work Capacity Evaluation (Mental) check-list questionnaire) because it "[wa]s not supported by the objective medical evidence." *See Magallanes*, 881 F.2d at 751 (internal quotation marks and citation omitted); AR at 13-16. This is a specific and legitimate reason for rejecting Dr. Findlay's opinion. *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings" (citation omitted)); *Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (ALJ properly rejected treating physician's opinion, which was unsupported by medical findings, personal observations, or test reports). Aside from the February 2009 Work Capacity Evaluation (Mental) questionnaire and a September 15, 2008 Mental Disorder Questionnaire Form, the record contains no treatment records or objective tests to support Dr. Findlay's opinion. *See generally* AR at 1-409. Indeed, there are no other notes or records from Dr. Findlay at all.

---

ability to interest appropriately with the general public; (10) slight difficulty asking simple questions or requesting assistance; (11) moderate difficulty accepting instructions and responding appropriately to criticism from supervisors; (12) marked difficulty getting along with co-workers or peers without distracting them or exhibiting behavioral extremes; (13) slight difficulty maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness; (14) moderate difficulty responding appropriately to changes in the work setting; (15) slight difficulty being aware of normal hazards and taking appropriate precautions; and (16) moderate difficulty setting realistic goals or making plans independently of others. *See* AR at 307-08.

Moreover, Dr. Findlay's opinion is unsupported by the opinions of Dr. Kent Jordan (a consultative examining psychiatrist) and Dr. Michael Kania (psychological medical expert). Dr. Jordan – based upon a complete psychiatric evaluation on July 14, 2008, plaintiff's psychiatric history, and review of the medical record (*see* AR at 268-73) – diagnosed plaintiff with "Anxiety disorder [not otherwise specified] (associated with irritability) not sustained not impairing functioning" and determined that "[f]rom a psychiatric standpoint, [plaintiff's] . . . psychiatric prognosis is good." *Id.* at 272, 273; *see Magallanes*, 881 F.2d at 751 (examining physician's opinion may constitute substantial evidence if the "nontreating physician relies on independent clinical findings that differ from the findings of the treating physician" (internal quotation marks and citations omitted)).

Contrary to Dr. Findlay's opinion, Dr. Jordan opined that: plaintiff's work functioning would be within normal limits; plaintiff could perform detailed and complex tasks on a sustained basis; plaintiff's cognition was intact; plaintiff could maintain regular attendance and perform work consistently; plaintiff's functioning was not impaired by any ongoing psychiatric disorder; plaintiff could perform detailed and complex task on a sustained basis without special supervision; plaintiff could complete a normal workday and workweek; plaintiff could accept instructions from supervisors as she was able to adequately accept instruction from the examiner in the emotionally neutral aspects of the evaluation; plaintiff could interact with co-workers and the public adequately as she was able to adequately interact with the examiner in emotionally neutral aspects of the evaluation; and plaintiff would be capable of dealing with the usual stressors of competitive employment. *See* AR at 272. Further, as the ALJ noted (*see id.* at 14), Dr. Jordan expressed the belief that plaintiff "appeared to highly embellish psychiatric symptomatology." *Id.* at 268.

Likewise, Dr. Kania – whose opinion the ALJ "g[ave] great weight" (AR at 15) – found plaintiff less functionally limited than Dr. Findlay opined. Although Dr. Kania diagnosed plaintiff with major depressive disorder and anxiety disorder

8

1 not otherwise specified, Dr. Kania determined that: "the restrictions of daily living
2 are none"; "difficulties in maintaining social functioning is mild"; "difficulties in
3 maintaining concentration, persistence or pace is mild"; and "[t]he episode of
4 extended duration of decomposition is none." *Id.* at 31. Ultimately, Dr. Kania
5 opined that "[f]rom a psychological point of view, . . . [plaintiff] would certainly be
6 able to complete simple repetitive tasks, possibly detailed tasks as well." *Id.*; *see*
7 *Andrews*, 53 F.3d at 1041-42 (non-examining physician's opinion may constitute
8 substantial evidence only when it is "supported by other evidence in the record and
9 [is] consistent with it").

10      Lastly, plaintiff argues that "[e]ven if the ALJ found [Dr. Findlay's] opinion
11 lacking in support," the ALJ was obligated to re-contact Dr. Findlay. Pl.'s Mem. at
12 4. But "[a]n ALJ is required to recontact a doctor only if the doctor's report is
13 ambiguous or insufficient for the ALJ to make a disability determination." *Bayliss*
14 *v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *see Mayes*, 276 F.3d at 459-60
15 (ALJ has a duty to develop the record further only "when there is ambiguous
16 evidence or when the record is inadequate to allow for proper evaluation of the
17 evidence" (citation omitted)); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)
18 ("If the ALJ thought he needed to know the basis of [a doctor's] opinion[] in order
19 to evaluate [it], he had a duty to conduct an appropriate inquiry, for example, by
20 subpoenaing the physician[] or submitting further questions to [him or her]."
21 (citations omitted)). Here, the ALJ did not find Dr. Findlay's opinion in the
22 February 13, 2009 Work Capacity Evaluation (Mental) questionnaire ambiguous,
23 nor was the record as a whole insufficient for the ALJ to make a disability
24 determination. *See* AR at 15. Consequently, the ALJ did not have a duty to re-
25 contact Dr. Findlay.

26      In short, the court finds that the ALJ provided a specific and legitimate
27 reason, supported by substantial evidence, for rejecting Dr. Findlay's opinion. The
28 court also finds that the ALJ was under no duty to re-contact Dr. Findlay.

Accordingly, the ALJ did not err in evaluating Dr. Findlay's opinion.

### B. The ALJ Provided a Complete and Proper Assessment of Plaintiff's Residual Functional Capacity

Plaintiff argues that "the ALJ failed to set forth a complete and accurate RFC assessment by not properly considering Dr. Findlay's opinion." Pl.'s Mem. at 6. In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms (including pain) that are reasonably attributed to a medically determinable impairment. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *see* Social Security Ruling ("SSR") 96-5p,[4] 1996 WL 374183, at *5 (July 2, 1996); 20 C.F.R. § 404.1545(a)(3) (2012) (a claimant's assessed RFC is based upon all the relevant evidence in the case record). Because the court finds the ALJ properly rejected Dr. Findlay's opinion regarding the degree of plaintiff's functional limitations (*see supra* Part.IV.A), the court accordingly finds that the ALJ did not err in omitting those limitations from plaintiff's assessed RFC.

### C. The ALJ Did Not Err in Omitting the Limitations Opined by Dr. Findlay from the Hypothetical Questions to the VE

Plaintiff contends "[t]he ALJ erred in not incorporating into the hypothetical questions all of the plaintiff's limitations." Pl.'s Mem. at 8. Plaintiff specifically asserts that "the ALJ failed to mention Dr. Findlay's opinion that Plaintiff ha[s] moderate to extreme limitations in her work capacity." *Id.*

An ALJ may rely on a VE's testimony given in response to a hypothetical that

---

[4] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss*, 427 F.3d at 1217. The ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). Here, because the ALJ properly rejected the limitations opined by Dr. Findlay (*see supra* Part.IV.A), the ALJ consequently did not err in excluding those restrictions from the hypothetical questions to the VE.

## V.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.

Dated: June 26, 2012

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE